United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRECIA LUCERO, INDIVIDUALLY AND FOR THE ESTATE OF ALFRED ANTHONY GARCIA, AND AS NEXT FRIEND OF V.M.G., A.Z.G., AND J.H., MINORS, | § § § § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-02893 |
| GENERAL MOTORS LLC, MAC HAIK CHEVROLET, LTD., AND PEP BOYS – MANNY, MOE, & JACK OF DELAWARE, | | |
| Defendants. | | |

## ORDER

Pending before the Court is the Motion to Dismiss General Motors LLC filed by Plaintiff Grecia Lucero, individually and for the estate of Alfred Anthony Garcia, and as Next Friend of V.M.G., A.F.G., and J.H., minors (referred to singularly as "Plaintiff"). (Doc. No. 34). Defendant General Motors LLC ("Defendant" or "General Motors" or "GM") responded in opposition. (Doc. No. 35). Plaintiff did not file a reply. After reviewing the relevant briefing, evidence, and applicable law, the Court **DENIES** Plaintiff's Motion to Dismiss General Motors without prejudice.

### I. Background

This is a personal injury case. Plaintiff is Alfred Anthony Garcia's ("Garcia") widow. Defendant[1] manufactures vehicles. Specifically, General Motors manufactured the 2016 Chevrolet Tahoe, which is at issue in this lawsuit.

---

[1] Plaintiff originally filed suit against General Motors, Mac Haik Chevrolet Ltd dba Mac Haik Chevrolet, and Pep Boys – Manny, Moe & Jak of Delaware, LLC. (*See* Doc 1-3). At this time, the only remaining defendant is General Motors. For that reason, the Court will refer to it as "Defendant."

1

Plaintiff claims Garcia was "idling" in Plaintiff's driveway when his Tahoe caught fire. Allegedly, the cause and origin of the fire was a failure in the transmission. Specifically, in her First Amended Complaint Plaintiff proposes two theories: (1) a bracket to the transmission failed, causing transmission fluid to exit the transmission and leak to the catalytic converter where it caught fire and/or (2) the transmission failed and ignited from the inside, causing a rupture and fire. (Doc. No. 16 at 2–3). A neighbor noticed that the vehicle was in flames and tried to open the Tahoe door; however, the door would not open. As a result, the victim was trapped in the burning Tahoe. He was later pronounced dead at the scene.

Plaintiff brought this suit individually, on behalf of the estate of Garcia, and on behalf of their minor children, asserting that the vehicle was defectively manufactured, had an unreasonably dangerous design, was negligently maintained, and was otherwise unfit for its intended purposes. Defendant has denied all of the allegations.

This case progressed for over a year, but Plaintiff now seeks to dismiss the only remaining defendant without prejudice. Defendant contests the "without prejudice" request in Plaintiff's Motion to Dismiss, arguing dismissal would cause it plain legal prejudice.

## II. Legal Standard

The decision to dismiss an action rests within the sound discretion of the trial court. *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir.1985). The dismissal at issue in this case is a Rule 41(a)(2) dismissal without prejudice. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."

*Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990). That said, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

What exactly constitutes "plain legal prejudice" in the Fifth Circuit is unsettled. The Fifth Circuit, however, has given courts some guidance. For example, the Fifth Circuit instructed district courts that it is proper to refuse to grant a voluntary dismissal "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Additionally, it is plain legal precedent if a plaintiff files a dismissal of suit intending to avoid an imminent adverse result on summary judgment. *See Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267 (5th Cir. 2012). What also is "[i]mportant in assessing prejudice is the stage at which the motion to dismiss is made." *Hartford Acc. & Indem. Co.*, 903 F.2d at 360. In contrast, the fact that parties may incur additional expenses in relitigating issues does not generally support a finding of "plain legal prejudice" and denial of a Rule 41(a)(2) motion to dismiss. *See Manshack*, 915 F.2d at 174.

In addition to the guidelines outlined above, some district and circuit courts consider four factors when determining whether the court should deny a Rule 41(a)(2) motion for voluntarily dismissal: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.[2] *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir.1998); *Espinoza v. Nacher Corp.*, No. CIV.A. 1:07-CV-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007).

---

[2] The Fifth Circuit has not directly analyzed these four factors; however, the Fifth Circuit has acknowledged the factors in a footnote. *See Elbaor*, 279 F.3d at, 318 (5th Cir. 2002).

3

If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. *Elbaor*, 279 F.3d at 317–18. The latter course may include dismissing the suit with prejudice. *See id.* at 319.

### III. Analysis

The four factors aforementioned and the Fifth Circuit precedent overlap. For that reason, the Court will analyze plain legal prejudice by discussing the factors, listed above, but also incorporating the relevant Fifth Circuit case law.

**1. Defendant's Effort and the Expense Involved in Preparing for Trial.**

The first factor looks at the defendant's effort and expense involved in preparing for trial. This factor overlaps with long-standing Fifth Circuit case law, that says that it is proper to refuse to grant a voluntary dismissal "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort." *Hartford Acc. & Indem. Co.*, 903 F.2d at 360.

Courts must analyze how much effort and expense Defendant has spent preparing for trial. For this factor, it is helpful to consider how far the case has progressed. Plaintiff filed her case on September 3, 2021. (Doc. No. 1). The Court set the discovery deadline to November 4, 2022. (Doc. No. 14). Plaintiff filed its Motion to Dismiss General Motors without prejudice on October 5, 2022—less than one month before discovery is scheduled to end. Since Plaintiff delayed filing her Motion to Dismiss, Defendant has engaged in discovery, including interviewing witnesses, inspecting the accident scene, issuing third party subpoenas, and conducting five witness depositions. It also inspected the subject vehicle three times, hired experts, proffered expert reports, and briefed and responded to four different motions. (Do. No. 35 at 2).

4

Considering all the activity, it is clear that Defendant has spent significant effort and expense preparing for trial. The Court finds that the evidence weighs against this Plaintiff's dismissal *See Hartford Acc. & Indem. Co.*, 903 F.2d at 361.[3]

### 2. Excessive Delay and Lack of Diligence on the Part of the Plaintiff in Prosecuting the Action.

Factor two considers whether Plaintiff excessively delayed and had a lack of diligence in prosecuting the case.

The Court first notes that Plaintiff did not timely designate her experts. The controlling scheduling order sets Plaintiff's expert designation deadline as July 5, 2022. (Doc. No. 14). Plaintiff concedes that she did not meet this deadline[4] (Doc. No. 26 at 1), but Plaintiff contends in her response to Defendant's motion for summary judgment that she and Defendant previously agreed to extend the expert designation deadlines in the scheduling order. (Doc. No. 21). As it turns out, the parties did agree to extend the scheduling order; however, the agreement was contingent on Plaintiff filing, and the Court approving, a motion to modify the scheduling order prior to the current scheduling order's deadlines passed. (Doc. No. 18-6). After the expert deadlines had passed and Plaintiff still had not filed a motion, Defendants wrote to Plaintiff on July 12, 2022, reminding Plaintiff's counsel of the agreement and inquiring into whether Plaintiff sent her expert reports.[5] (Doc. No. 18-6). Plaintiff did not respond to this letter, did not file the

---

[3] In *Hartford*, the Court held that the defendants expended significant time and effort litigating the action and the plaintiff was far less than prompt in seeking voluntary dismissal. *Hartford Acc. & Indem. Co.*, 903 F.2d at 361. In that case, the plaintiff moved to dismiss the action without prejudice nearly 10 months after the action was removed to federal court, after hearings had been conducted, after significant discovery was conducted, and after the defendants were granted summary judgment. *Id.*

[4] "Plaintiff admits she failed to make the required expert disclosure by the deadline." (Doc. No. 26 at 1). Apparently, Plaintiff finally served her expert reports on September 16 and 20, 2022, which was 73 and 77 days after they were due under the scheduling order. (Doc. No. 35 at 3).

[5] Defendant counsel wrote, "if scheduling of the mediation occurred after plaintiff's expert disclosure deadline, GM indicated that Plaintiff needed to file, and GM would not oppose, a motion to modify the scheduling order… Despite the passing of weeks, no motion to modify had been filed and the deadlines in the scheduling order remain in place." (Doc. No. 18-6). Defendant's counsel further states, "I did not receive the disclosures nor any expert reports from your

5

agreed motion to extend deadlines, and did not disclose experts as required by the scheduling order. Instead, she waited until Defendant had filed its Motion for Summary Judgment to bring this issue to the Court's attention.

Plaintiff also failed to substantively respond to General Motors's Summary Judgment Motion on the merits. (*See* Doc. No. 21). Plaintiff's response instead asks the court to compel mediation and extend Plaintiff's time to respond to the motion and/or expert deadline.[6] The Court held a hearing on the motion to compel mediation on September 26, 2022 and denied the motion. During this hearing, Plaintiff did not ask the Court for additional time to respond to the summary judgment motion. To this day, Plaintiff has not filed a response on the merits to the Defendant's motion for summary judgment.

Lastly, Plaintiff did not file a reply to Defendant's response to their Motion to Dismiss without Prejudice. While a Reply is not required, a diligent Plaintiff would have realized that her Motion was lacking necessary information, and, at minimum, would have provided an explanation for her dismissal in a reply. Instead, Plaintiff again did nothing.

The evidence shows that Plaintiff has not diligently prosecuted this case. Thus, this factor weighs in favor of Defendant and towards plain legal prejudice.

### 3. Insufficient Explanation of the Need to Take a Dismissal.

The third factor examines the sufficiency of Plaintiff's explanation for the need to take a dismissal. Plaintiff's Motion to Dismiss does not state a reason for the need to take a dismissal. (*See* Doc. No. 34). Rather, it solely states that "Plaintiffs [sic] request that Defendant General

---

office. Please confirm whether you served the disclosures, and if so, when and how they were served." (Doc. No. 18-6).

[6] This response also violates the Court's local rules, which provide that "Counsel shall not combine two different and unrelated pleadings (motions, responses, replies, or exhibits) into the same electronically filed document." *See* S.D. Tex. Loc. (Hanen) 3(E).

6

Motors LLC be dismissed without prejudice." (Doc. No. 34). The Court concludes that "no" reason is certainly an "insufficient" reason. Therefore, this factor weighs in favor of Defendant.

### 4. The Fact that a Motion for Summary Judgment Has Been Filed by the Defendant.

Whether the defendant has filed a motion for summary judgment is the fourth factor. Defendant here has, in fact, filed a motion for summary judgment. (Doc. No. 18). In its summary judgment motion, Defendant argues that summary judgment is proper because Lucero failed to establish expert testimony on all elements of her claims. (Doc. No. 18). Presumably, it is this motion that actually spurred the Plaintiff into action. Unfortunately, as Plaintiff herself acknowledges, she failed to timely designate her experts. (Doc. No. 26 at 1). Further, she has not responded to Defendant's motion for summary judgment on the merits. Instead, in Plaintiff's response to Defendant's motion for summary judgment, she requests that the Court erase her mistakes by extending her deadline to designate experts and allowing her further time to respond to the motion. Granting this request not only would result in injustice to Defendant but also would violate the Court's local rules, which provide that "Counsel shall not combine two different and unrelated pleadings (motions, responses, replies, or exhibits) into the same electronically filed document." *See* S.D. Tex. Loc. (Hanen) 3(E).

As previously stated, a plaintiff's dismissal of suit that is intended to avoid an imminent adverse result on summary judgment is plain legal prejudice. *See Harris*, 500 F. App'x 267. Since Plaintiff did not designate experts, did not respond on the merits to Defendant's motion, nor has she provided the court with the expert report and/or affidavits, this Motion to Dismiss appears to be an effort to avoid an adverse ruling on a pending motion for summary judgment. Thus, this factor also weighs against Plaintiff.

In conclusion, all four factors weigh in favor of Defendant. Considering the four factors and the Fifth Circuit's precedent, the Court concludes that dismissal without prejudice would cause Defendant plain legal prejudice. While this Court realizes the probable effect of this denial, given the circumstances and given the lack of any explanation or suggested alternative from Plaintiff, the Court finds it must deny the Motion to Dismiss. Therefore, the Court **DENIES** Plaintiff's Motion to Dismiss General Motors. (Doc. No. 34).

## IV. Conclusion

The Court **DENIES** Plaintiff's Motion to Dismiss General Motors LLC. (Doc. No. 34).

Signed at Houston, Texas, this 1st day of November, 2022.

Andrew S. Hanen
United States District Judge