United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRECIA LUCERO, INDIVIDUALLY AND FOR THE ESTATE OF ALFRED ANTHONY GARCIA, AND AS NEXT FRIEND OF V.M.G., A.Z.G., AND J.H., MINORS, § § § § § § § Plaintiff, § VS. § GENERAL MOTORS LLC, MAC HAIK CHEVROLET, LTD., AND PEP BOYS – MANNY, MOE, & JACK OF DELAWARE, Defendants. | CIVIL ACTION NO. 4:21-cv-02893 |

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant General Motors LLC ("Defendant" or "General Motors" or "GM"). (Doc. No. 18). Plaintiff Grecia Lucero, individually and for the estate of Alfred Anthony Garcia, and as Next Friend of V.M.G., A.F.G., and J.H., minors (referred to singularly as "Plaintiff") filed a response in opposition (Doc. No. 21), and Defendant filed a reply in support. (Doc. No. 22). After considering the relevant summary judgment evidence, briefing, and the applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 18).

### I. Background

This case is a personal injury case. Alfred Anthony Garcia's ("Garcia") died when his 2016 Chevrolet Tahoe caught fire. The vehicle was manufactured by Defendant.[1]

---

[1] Plaintiff originally filed suit against General Motors, Mac Haik Chevrolet Ltd dba Mac Haik Chevrolet, and Pep Boys – Manny, Moe & Jak of Delaware, LLC. (*See* Doc 1-3). At this time, the only remaining defendant is General Motors. For that reason, the Court will refer to it as "Defendant."

1

Plaintiff claims that her husband was "idling" in her driveway when his Tahoe caught fire. The fire allegedly originated from a failure in the transmission. Specifically, Plaintiff proposes two theories in her First Amended Complaint: (1) a bracket to the transmission failed, causing transmission fluid to exit the transmission and leak to the catalytic converter where it caught fire and/or (2) the transmission failed and ignited from the inside, causing a rupture and fire. (Doc. No. 16 at 2–3).

After the vehicle caught fire, a neighbor noticed, and tried to assist Garcia. Unfortunately, the door would not open, and Garcia was trapped inside the burning vehicle. He was later pronounced dead at the scene. Defendant denied all of these allegations.

Garcia's wife filed this lawsuit individually, on behalf of the estate of Garcia, and on behalf of their minor children, asserting that the vehicle was defectively manufactured, had an unreasonably dangerous design, was negligently maintained, and was otherwise unfit for its intended purposes.[2] Defendant filed a Motion for Summary Judgment, arguing that Plaintiff failed to offer crucial expert testimony on two essential elements of her causes of action– causation and defect.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

---

[2] Defendant has moved for summary judgment against J.H. based upon the fact that J.H. is not a child of Garcia, and therefore, has no standing to sue. Given this Court's order herein, there is no need to address this issue.

2

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

Defendant filed its Motion for Summary Judgment, arguing that Plaintiff's claims are unsupported by expert evidence. Further, Defendant argues that the deadline to designate experts has "come and gone," and thus, summary judgment is proper. (Doc. No. 18). Plaintiff filed a response to Defendant's Motion (*See* Doc. No. 21); however, the response does not address the merits of the Motion. Thus, the Court is presented with two questions: (1) did Plaintiff timely filed her expert designations and (2) has Plaintiff presented evidence creates a genuine issue of material fact?

### A. Expert Designation Deadline.

First, the Court must determine whether Plaintiff timely filed her expert designations or provided a good excuse for her non-compliance. Answering that question requires an overview of the procedural background of the case. The controlling scheduling order sets Plaintiff's expert designation deadline as July 5, 2022. (Doc. No. 14). Plaintiff acknowledges that she did not meet this deadline.[3] (Doc. No. 26 at 1). That said, Plaintiff argues that the parties had an agreement to extend the expert designation deadlines. (Doc. No. 21 at 1). In response to this argument, Defendant points the Court to a letter dated July 12, 2022. (Doc. No. 18-6). The letter is from Defendant to Plaintiff and explains that Defendant agreed to extend the scheduling order deadline only so long as Plaintiff filed, and the Court approved, a motion to modify the scheduling order.[4] Plaintiff did not respond to this letter, nor did she file an agreed motion to extend deadlines. She also did not designate her experts in accordance with the scheduling order. Since Plaintiff did not take any of the options outlined above Defendant filed its Motion for Summary Judgment knowing that to raise a fact issue on the causes of action alleged herein, one would need expert testimony. In her response, Plaintiff does not present substantive evidence that contradicts Defendant's assertions and raises an issue of material fact as required by *Cleotex*. Rather, she asks the Court to extend her expert designation deadlines. Unfortunately, Plaintiff did not provide any reason why the deadlines in the scheduling order should be revisited, nor any legitimate excuse for not abiding by them. Therefore, the Court holds that the scheduling order (Doc. No. 14) controls, and Plaintiff did not timely designate her experts.

---

[3] "Plaintiff admits she failed to make the required expert disclosure by the deadline." (Doc. No. 26 at 1). Plaintiff allegedly served her expert reports on September 16 and 20, 2022, which was 73 and 77 days after they were due under the scheduling order. (Doc. No. 35 at 3).

[4] Defendant counsel wrote, "if scheduling of the mediation occurred after plaintiff's expert disclosure deadline, GM indicated that Plaintiff needed to file, and GM would not oppose, a motion to modify the scheduling order." (Doc. No. 18-6).

4

Since Plaintiff's designations were untimely, the question is whether the Court can or should grant Plaintiff leave to designate experts. Federal Rule of Civil Procedure 16 governs leave to designate expert witnesses after the scheduling order deadline has passed. Fed. R. Civ. P. 16(b)(4); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Unfortunately, as discussed above, Plaintiff did not file a motion to extend the scheduling order or to designate experts late. Instead, she lodged her request in her response to Defendant's motion for summary judgment. This practice violates the Court's local rules, which provide that "Counsel shall not combine two different and unrelated pleadings (motions, responses, replies, or exhibits) into the same electronically filed document." *See* S.D. Tex. Loc. (Hanen) 3(E). Despite this error, this Court has considered these requests as if properly presented to it, but as stated above, Plaintiff provides no reasonable excuse for her conduct.

## B. Genuine Issue of Material Fact.

Therefore, the most important question for the Court is whether Plaintiff created a genuine issue of material fact. In its Motion, Defendant challenges Plaintiff's ability to establish two essential elements of her claims: causation and defect. (Doc. No. 18 at 6). Defendant argues that both the elements require expert testimony, which Plaintiff failed to provide. (Doc. No. 18 at 6). Thus, the inquiry for the Court is whether Plaintiff satisfied her burden of creating a genuine issue of material fact without expert testimony.

Sitting in diversity, the Court is guided by Texas law in determining whether expert testimony is required to prove the elements of cause and defect. Whether expert testimony is required is a question of law that "depends on whether the theory argued [by Plaintiff] involves issues beyond the general experience and common understanding of laypersons." *Driskill v. Ford*

*Motor Co.*, 269 S.W.3d 199, 205 (Tex. 2008). It is well established in Texas that expert testimony is required to establish causation unless "general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex.2006). Additionally, Texas court have required expert testimony to prove defect where the defect involves technical matters beyond the general experience of the jury. *See Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex.2004) (requiring "competent expert testimony and objective proof that a defect caused the acceleration" in case involving unintended vehicle acceleration); *see also Andrews v. Dial Corp.*, 143 F. Supp. 3d 522 (W.D. Tex. 2015) (consumer asserting claim for breach of implied warranty of merchantability against a manufacturer of a plug-in air freshener, alleging that the air freshener caused fire in her residence, was required to present expert testimony establishing that the air freshener proximately caused the fire and whether a defect existed since the claims involved scientific questions of chemistry, physics, and electrical engineering that are beyond the general experience and common understanding of a lay person.).

In this case, Plaintiff asserts claims of negligence, products liability, and breach of express and implied warranties. (Doc. No. 14). These claims are based on Plaintiff's assertions that (1) the bracket to the transmission failed, causing transmission fluid to exit the transmission and leak to the catalytic converter where it caught fire and/or (2) the transmission failed and ignited from the inside, causing a rupture and fire. (Doc. No. 16 at 2–3).

All of Plaintiff's claims require expert testimony if the element is beyond the general experience and common understanding of a layperson. *See e.g., Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 809 (S.D. Tex. 2011) (courts applying Texas law in products liability actions have frequently required expert testimony for both defect and causation); *Kallassy v. Cirrus Design*

6

*Corp.*, 2006 WL 1489248, at *5 (N.D. Tex. May 30, 2006), aff'd, 265 F. App'x 165 (5th Cir. 2008) ("under either negligence or strict liability theories, plaintiffs are required to prove causation." When the casual relationship is beyond the jury's common understanding, expert testimony is necessary); *Lindemann v. Eli Lilly & Co.*, 816 F.2d 199, 202 (5th Cir. 1987) (successful assertion of breach of an express warranty requires: 1) an affirmation or promise made by the seller to the buyer; 2) that such affirmation or promise was part of the basis for the bargain, e.g. that the buyer relied on such affirmation or promise in making the purchase; 3) that the goods failed to comply with the affirmation or promise; 4) that there was financial injury; and 5) that the failure to comply was the *proximate cause* of the financial injury to the buyer.").

The mechanical and technical knowledge involved with understanding how a fire began inside a vehicle's transmission are not matters with in a layperson's general experience and common understanding. Therefore, expert testimony is required to establish causation and defect. Each of Plaintiff's claims require proving causation; additionally, Plaintiff must, at a minim, prove a defect to succeed on her negligence and products liability theories that concern manufacturing or design defects.

In her response, Plaintiff does not provide any summary judgment evidence. It has no expert testimony, affidavit, or even report that would even hint to a fact issue as to causation or defect. The only information the Court has regarding these experts is contained in a later filed response to Defendant's Motion to Stay Unexpired Deadlines. In that document Plaintiff, in a short conclusory fashion, "contends her engineer's report meets her burden of proving a design defect in the vehicle." (Doc. No. 26). She attached none of this evidence. Unfortunately, a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue

for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Claiming that an expert's report meets the "burden of proving a design defect" is the mere allegation of which the Supreme Court has disapproved.

Since Plaintiff failed to bring forth any evidence of the Tahoe's defect, there is no genuine issue of material fact as to the essential element of defect. Thus, the Court grants Defendant's Motion as to Plaintiff's negligence and products liability claims. Further, Plaintiff did not bring forth any summary judgment evidence that raises a genuine issue of material fact as to causation. For that reason, the Court grants summary judgment as to Plaintiff's negligence, products liability, breach of implied warranties, and breach of express warranties claims.

In sum, Plaintiff did not meet her burden of raising a genuine issue of material fact for any of her claims, and the Court **GRANTS** Defendant's Motion for Summary Judgment.

### IV. Conclusion

The Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 18). Further, this Order makes Defendant's Motion to Stay Unexpired Deadlines in the Scheduling Order **MOOT**. (Doc. No. 20).

Signed at Houston, Texas, this 1st day of November, 2022.

Andrew S. Hanen
United States District Judge

8